UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SAM WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:07CV01409 ERW |
| ) | |
| FRANKLIN D. CHAMBERS, et al., ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiff's Motion to Alter or Amend the Court's February 5, 2010 Order [doc. #64].

## I. BACKGROUND AND PROCEDURAL HISTORY

On August 20, 2005, Jeffrey W. Williams ("Mr. Williams") died after an altercation with various police officers alongside Interstate 44, near Rolla, Missouri. As a result of this incident, Sam Williams ("Plaintiff"), the father of Mr. Williams, filed a lawsuit against Franklin D. Chambers, George W. Arnold, Aaron J. Pinson, Matthew Vogeler, and Phelps County, Missouri (collectively, "Defendants"). In his Complaint, Plaintiff asserted 42 U.S.C. §§ 1983 and 1988 claims of unreasonable and excessive force, supplemental state law wrongful death claims, and supplemental state law personal injury claims.

On March 30, 2009, Defendants filed a Motion for Summary Judgment [doc. #34]. On September 23, 2009, this Court issued a Memorandum and Order [doc. #53], granting Defendants' Motion for Summary Judgment, and dismissing all of Plaintiff's claims against Defendants. In that Order, the Court gave a lengthy recitation of the facts of this case, and

ultimately determined that there were no genuine issues of material fact. The Court concluded that the force used against Mr. Williams by Defendants was objectively reasonable and did not violate his constitutional rights. The Court also found that Defendants Chambers, Arnold, Pinson, and Vogeler were entitled to official immunity against Plaintiff's state law claims, and, as a result, concluded that Defendant Phelps County had no vicarious liability.

On October 2, 2009, Plaintiff filed his first Motion to Alter or Amend the Court's Order [doc. #57], arguing that the Court erroneously based its decision on a violation of Local Rule 7-4.01(E). The Court issued a Memorandum and Order [doc. #61] on February 5, 2010, in which it clarified that the decision to grant summary judgment in favor of Defendants was not based on the asserted violation of Local Rule 7-4.01(E). The Court then engaged in a lengthy analysis of the facts, and explained how the Court concluded that there were no genuine issues of material fact in this case. The purpose of this analysis and explanation was to attempt to demonstrate to Plaintiff that each of the facts included in his Statement of Material Facts was thoroughly examined and genuinely considered by this Court. However, despite this extra effort by the Court, Plaintiff has filed a second Motion to Alter or Amend. That Motion is currently pending before this Court.

## II. LEGAL STANDARD

Motions filed under Federal Rule of Civil Procedure 59(e) "serve a limited function of correcting 'manifest errors of law or fact or to present newly discovered evidence.'" *Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs. of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998) (quoting *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 413 (8th Cir. 1988)). "It is not appropriate to use a Rule 59(e) motion to repeat arguments or to raise new arguments that could have been made before judgment." *In re Gen. Motors Corp. Anti-Lock Brake Prods. Liab. Litig.*,

174 F.R.D. 444, 446 (E.D. Mo. 1997) (internal quotations omitted); *see also Innovative Home Health Care*, 141 F.3d at 1286 ("Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment."). Rather, "'Federal Rule of Civil Procedure 59(e) provides a means to support reconsideration [by the court] of matters properly encompassed in a decision on the merits. Under [R]ule 59(e), the court may consider issues previously before it, and generally may examine the correctness of the judgment itself.'" *Leonard v. Dorsey & Whitney LLP*, 553 F.3d 609, 620 (8th Cir. 2009) (quoting *Ray E. Friedman & Co. v. Jenkins*, 824 F.2d 657, 660 (8th Cir. 1987)) (first alteration in original). "[T]he Rule was adopted to make clear that the district court possesses the power to rectify its own mistakes in the period immediately following the entry of judgment." *White v. N.H. Dep't of Employment Sec.*, 455 U.S. 445, 450 (1982) (internal quotations and alterations omitted). "'A district court has broad discretion in determining whether to grant a motion to alter or amend judgment.'" *Global Network Techs., Inc. v. Reg'l Airport Auth. of Louisville & Jefferson County*, 122 F.3d 661, 665 (8th Cir. 1997) (quoting *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 413 (8th Cir. 1988)).

**III. DISCUSSION**

In the present Motion, Plaintiff sets forth numerous arguments in an attempt to convince this Court that there are genuine issues of material fact that exist in this case, and that granting summary judgment in favor of Defendants was a manifest error. However, the Court has already considered these arguments, and rejected them, twice before. The Court closely examined the facts of this case and carefully reconciled those facts when it initially granted summary judgment in favor of Defendants. The Court then clarified its analysis of the facts in a 31-page Order, in

3

response to Plaintiff's first Motion to Alter or Amend Judgment. Plaintiff's present Motion does not raise any issues that this Court has not already fully considered. Regardless, the Court will briefly address the more prevalent concerns in Plaintiff's Motion.

First, the Court rejects Plaintiff's assertions that the Parties differ widely on the facts in this case, and that Plaintiff's version of the facts cannot be reconciled with Defendants' version of the facts. To the contrary, the Court was able to reconcile the two versions of the facts in this case by carefully reviewing the submitted facts, comparing the two versions, and examining the relevant exhibits, particularly the deposition transcripts of those who were present at the scene in question. By viewing each of the "facts" based on deposition testimony in the context in which they were actually stated, the Court was able to examine the statements on which the facts were based in their raw form, without the biased slant that Parties inevitably insert when writing their statements of uncontroverted facts. After doing so, it was clear to the Court that one cohesive set of material facts existed, and the Court set forth those material facts in its Order granting summary judgment in favor of Defendants.[1]

Additionally, many of Plaintiff's arguments seem to suggest that this Court must select either Plaintiff's version of the facts or Defendants' version of the facts. However, the Court is not bound to do so, nor did it do so here. In this case, the Court adopted a version of the facts that incorporated Plaintiff's facts, Defendant's facts, and observations made by the Court in its thorough review of the evidence in this case. Thus, in response to confusion expressed by

---

[1]The Court notes that it is permissible for there to be some inconsistencies in the facts stated by the Parties and in the testimony given by witnesses in their depositions and declarations. What is important is that there be no *genuine* issues of *material* fact; when the inconsistency is immaterial or the facts are irrelevant, there is no impact on whether summary judgment is appropriate.

Plaintiff regarding how the Court could adopt Plaintiff's facts in one place and rely on Defendant's facts in another, the Court points out that it conducted a painstaking analysis of the facts in this case to determine precisely what happened on the day in question. Failing to engage in such an analysis, and opting to merely rely on the veracity of the facts cited by the parties, would give the Court a skewed view of the relevant facts in the case.

Finally, Plaintiff lists numerous facts in his Motion to Alter or Amend that he claims "should have precluded summary judgment." (Pl.'s Memo. in Support of Mtn., doc. #64-1, pp.9-11). Most of the facts Plaintiff listed were actually incorporated into the Court's Statement of the Facts, which this Court noted in footnote 5 of the February 5, 2010 Order. Those facts that were not specifically incorporated were either repetitive, irrelevant, implied, or contradicted. The Court declines to Plaintiff's invitation to address this topic for a third time.

The Court has reviewed Plaintiff's Motion to Alter or Amend the Court's February 5, 2010 Order, and has concluded that it merely repeats arguments that have been made in previous motions. Thus, the Motion will be denied. *See In re Gen. Motors Corp. Anti-Lock Brake Prods. Liab. Litig.*, 174 F.R.D. 444, 446 (E.D. Mo. 1997). It is very clear to the Court that Plaintiff fundamentally disagrees with the decision that this Court has rendered. However, raising the same arguments again and again will not, and cannot, alter the judgment of this Court. Plaintiff should seek this relief from the appropriate appellate court.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Alter or Amend the Court's February 5, 2010 Order [doc. #64] is **DENIED**.

Dated this 28th Day of May, 2010.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT COURT